UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY GALLOW                          CIVIL ACTION NO. 26-cv-1196

VERSUS                                  JUDGE VAN HOOK

BROTHERS PRODUCE OF DALLAS INC ET    MAGISTRATE JUDGE HORNSBY
AL

## REPORT AND RECOMMENDATION

### Introduction

Anthony Gallow ("Plaintiff") filed suit in state court to recover damages allegedly caused by a traffic accident. The defendants removed the case based on diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 17) on the grounds that one of his claims, for $5,000 in medical payments coverage, does not meet the amount in controversy requirement. For the reasons that follow, it is recommended that the motion be denied.

### Plaintiff's Petition

Plaintiff (Louisiana) alleged in his petition that he was driving a Mack truck on Highway 6 in Sabine Parish when Ronnie Matthews (Texas), who was behind the wheel of a Navistar truck, pulled out of a parking lot and hit the passenger side of Plaintiff's truck. Plaintiff alleged that Matthews was an employee of Brothers Produce of Dallas, Inc. (Texas) and that the truck was covered by a liability policy issued by National Union Fire Insurance Company of Pittsburgh, PA (Pennsylvania and New York). Petition, ¶¶ 2-3, 6-7, 11.

Plaintiff alleged that the accident caused "injuries to his hand, and cervical and lumbar injuries for which he has undergone, to date, extensive medical treatment including cervical and lumbar facet joint injections, cervical and lumbar medial branch blocks, and cervical and lumbar radiofrequency ablations" that entitle him to recover various categories of damages such as pain and suffering, lost wages, and medical expenses. ¶ 8. Plaintiff specifically alleged that the value of his claims against Brothers Produce and Ronnie Matthews "exceeds $75,000." ¶ 9.

Plaintiff alleged that National Union "issued a liability insurance policy" to Matthews and/or Brothers Produce that provided coverage for the Navistar truck so that National Union was obligated to pay "any and all damages caused to Petitioner" as a result of the negligence of Matthews or Brothers Produce. ¶¶ 11-12.

Plaintiff also alleged that he was covered by a National Union policy "which provided medical payments coverage for said collision with policy limits of $5,000.00" ¶ 14. Plaintiff added that the value of this claim against National Union "is less than $75,000.00" ¶ 15.

Plaintiff did not make clear in his petition whether he seeks the medical payment coverage under the same policy that National Union issued to Brothers Produce or whether it is coverage provided by a separate policy issued to Plaintiff or perhaps his employer. Medical payments coverage is typically a first-party claim that is recovered from one's own insurance policy, and Plaintiff stated in his memorandum in support of remand that National Union is sued "as the provider of medical payments insurance *to plaintiff* with policy limits of $5,000 … ." (Emphasis added.)

Jurisdiction must be resolved before turning to the merits, but the court looked ahead to National Union's pending motion to dismiss that invoked the recent change to Louisiana law that no longer allows a direct action against certain insurers. Plaintiff filed a memorandum in opposition to that motion and clarified that the same insurance company, National Union, provided both (1) liability insurance to the defendants under one policy and (2) medical payments coverage to Plaintiff "under a different policy." Plaintiff submitted a declarations page for a National Union policy that was allegedly issued to Plaintiff's employer and that provides $5,000 in "auto medical payments" coverage.

Plaintiff stated in his memorandum in opposition to the motion to dismiss that he "has not asserted a claim against National Union as defendants' liability insurer." Doc. 16, p. 2. He added, "In his Petition for Damages, Mr. Gallow only sued National Union in its capacity as a provider of medical payments coverage." Id. The motion to dismiss will be addressed separately, but this information adds some clarification to Plaintiff's intention when he filed his petition.

**Analysis**

To determine whether jurisdiction exists, the district court "consider[s] the claims in the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). At the time of removal, there was complete diversity of citizenship between Plaintiff and the three defendants. Plaintiff also squarely alleged that his damages claims against Mr. Matthews and Brothers Produce

exceed $75,000. And—despite what he now claims in post-removal filings—Plaintiff alleged in the petition that National Union is obligated to pay all such damages under the terms of a liability insurance policy to Matthews or Brothers Produce.

Those facts provide the court with original jurisdiction based on the diversity statute, 28 U.S.C. § 1332. When a federal court has such original jurisdiction, the defendants may remove the case. 28 U.S.C. § 1441(a). Plaintiff argues that the case must nonetheless be remanded because the $5,000 medical payments claim against National Union does not exceed the $75,000 amount in controversy requirement of Section 1332.

Plaintiff is not correct. The court may exercise supplemental jurisdiction over the smaller claim pursuant to 28 U.S.C. § 1367. The statute provides that, subject to certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under Article III. The same case or controversy requirement is met if the supplemental claim is so related to the original claim that they derive from a common nucleus of operative fact. S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Texas, Inc., 964 F.3d 369, 373 (5th Cir. 2020).

This supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." Section 1367(a). And the statute "applies with equal force to cases removed to federal court as to cases initially filed there" because a removed case is necessarily one "of which the district courts ... have original jurisdiction." City of Chicago v. Int'l Coll. of Surgeons, 118 S. Ct. 523, 530 (1997).

The Court in <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 125 S.Ct. 2611 (2005) specifically rejected an argument that district courts lack original jurisdiction over a civil action unless the court has original jurisdiction over every individual claim in the complaint. Some parties had urged a "contamination theory," under which the inclusion of a single claim falling outside the district court's original jurisdiction somehow contaminates every other claim in the complaint and deprives the court of original jurisdiction. The Court said that this theory was "easily dismissed, as it is inconsistent with the whole notion of supplemental jurisdiction." <u>Exxon Mobil</u>, 125 S.Ct. at 2621-22. Accordingly, the presence of the $5,000 medical payments claim does not destroy the original jurisdiction that plainly exists over the primary tort claim.

Even if Plaintiff's medical payments claim against National Union were the only claim he asserted against National Union (and it was not), and the amount in controversy with respect to that claim is only $5,000, the court would have supplemental jurisdiction over the small claim because it arises out of the same nucleus of facts—an auto accident—that gave rise to the claims over which the court has original jurisdiction. The joinder of the diverse National Union in its capacity as a medical payments provider does not affect diversity of citizenship, the claim arises out of the same facts and circumstances that give rise to the case on which original jurisdiction is based, and the last sentence of Section 1367(a) makes clear that it grants supplemental jurisdiction over claims involving the joinder of additional parties.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 17) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge

Page 6 of 6